NOT DESIGNATED FOR PUBLICATION

No. 127,465

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Submitted without oral argument. Opinion filed March 7, 2025. Reversed and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM: Casey Smith appeals the revocation of his probation, claiming the district court abused its discretion when it ordered him to serve his underlying prison sentence without first imposing an intermediate sanction. After review, we find the district court failed to comply with its obligations under K.S.A. 2022 Supp. 22-3716 when it revoked Smith's probation. Therefore, we reverse and remand for a new dispositional hearing.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, Smith was charged with one count each of trafficking drug contraband in a penal institution, possession of methamphetamine, and possession of drug paraphernalia for crimes committed in February 2023. Later that month, Smith pled no contest to the possession charge in exchange for the State dropping the remaining charges. The presentence investigation report found that the possession charge was a severity level 5 nonperson drug felony and Smith had a criminal history score of C. Although the conviction carried a presumptive prison sentence of 28 to 32 months, it was border box eligible for nonprison sanctions.

Prior to sentencing, Smith filed a motion for a border box nonprison sanction. The motion stated that Smith and the State had reached an agreement to recommend probation so Smith could attend a drug treatment program. At sentencing, the district court found that a program was available and granted Smith's motion for a border box nonprison sanction. It sentenced Smith to an underlying prison sentence of 30 months and 12 months' postrelease supervision but granted Smith 12 months' probation. Under the terms of Smith's probation, he was ordered to obtain a drug evaluation and complete any recommendations arising from that evaluation; abstain from possessing or consuming alcohol or illegal drugs; submit to random drug testing at the request of his supervising officer; gain employment; report any change in contact information to his supervising officer within 24 hours of sentencing; refrain from possessing firearms; provide a DNA sample for testing; and pay court costs and fees.

In August 2023, the State filed a motion to revoke Smith's probation, alleging that he had committed several probation violations, including failure to report as directed, failure to make required payments towards costs and fees, and failure to submit to random urinalysis drug testing. Smith was arrested at the beginning of September 2023 and held in custody for 18 days pending a hearing on those violations. At the violation

hearing, the State announced that it had reached an agreement with Smith where he would stipulate to the violations and forego an evidentiary hearing in exchange for a delayed disposition on the case. The district court accepted the agreement and scheduled a new hearing for 60 days later.

In mid-October 2023 and prior to the delayed disposition of Smith's first alleged violations, the State filed an amended affidavit claiming that Smith had twice failed to submit to drug testing. Several days later, Smith was arrested, and a probation violation hearing was held on December 4, 2023. At the hearing, Smith stipulated to the two additional allegations and requested that the district court place him back on probation. The State asked the district court to impose a modified prison sentence of 14 months. Because Smith's intensive supervision officer (ISO) was not present to provide a recommendation, after discussion with the parties, the court set a disposition hearing for January 23, 2024. The district court released Smith on bond, but not before imposing several probation conditions, including ordering Smith to report to his probation officer by close of business that day. The district court advised Smith, "[I]f you come back in and you're not doing anything, and the report is looking like what this looks like, be ready, you're going to go serve your time."

Just prior to the original January 2024 hearing date, Smith's ISO filed a second amended affidavit, claiming that Smith had failed to report as directed and that he had tested positive for methamphetamine in late December 2023. The district court revoked Smith's bond, and Smith was held in custody pending review of his case. After Smith was remanded to custody, his ISO filed a third amended affidavit indicating that Smith had failed to obtain a drug and alcohol evaluation as ordered by the district court and that he had signed a form admitting to using a vape pen containing methamphetamine.

The district court held a probation violation evidentiary and dispositional hearing at the end of January 2024 to consider the delayed disposition and additional allegations.

3

At the hearing, Smith denied the allegations in the second and third amended affidavits. Smith's ISO testified about Smith's probation history and recommended that Smith serve his underlying prison sentence as he was very "wishy washy" while on probation. The State agreed and requested that the district court revoke Smith's probation. In contrast, Smith requested that his probation be reinstated.

The district court ruled that Smith had violated his probation, revoked his probation, and imposed his original 30-month prison sentence. In its ruling, the district court did not note that it had previously imposed intermediate sanctions, nor did it reference any bypasses to the intermediate sanctions requirement. Instead, the court began its ruling by noting the factors it considers when deciding whether to revoke a defendant's probation as "whether or not I think that you have an opportunity, or that you would likely be successful if we place you back on probation, continue to expend the resources to have you on probation for supervision, versus whether or not I think it would not be successful, [or] I should just have you go serve your underlying sentence."

The district court then stated that due to a change in the court's case management system, it had to mainly rely on past journal entries and orders. After a brief recounting of the history of Smith's time on probation, the district court stated that "[o]ne of the things that I remember telling you was that, you know, go do what you're supposed to do. Prove to me that you're serious about probation. Prove to me that you can be successful." The district court found that Smith had directly ignored its order to get the drug evaluation, which was "the reason" that it had sentenced Smith to probation in the first place.

The district court further acknowledged that Smith had tested positive for methamphetamine and that Smith had admitted to using drugs. The court found that "if you're not . . . getting that help that you need to get by getting that evaluation, being honest in that evaluation, and then doing treatment or getting the resources that you need to help you with that, nothing is going to change." As a result, the district court ruled that

Smith was not "going to be a good candidate to extend" probation and, because he had "violated the conditions" of his probation, revoked his probation.

Smith timely appeals.

ANALYSIS

*The District Court Abused Its Discretion when It Revoked Smith's Probation and Imposed His Underlying Prison Sentence*

On appeal, Smith argues that the district court abused its discretion by failing to comply with K.S.A. 2022 Supp. 22-3716(c) by either imposing an intermediate jail sanction or invoking an exception to the intermediate sanctions requirement as allowed under the statute. Furthermore, Smith maintains that there is no applicable exception to the intermediate sanctions requirement that applies in this case. Smith asserts that because the district court did not comply with K.S.A. 2022 Supp. 22-3716(c), it committed an error of law and, thus, we should reverse the revocation of his probation and imposition of his underlying prison sentence and remand for a new dispositional hearing.

Conversely, the State contends that the district court did not abuse its discretion when it revoked Smith's probation and ordered him to serve his underlying prison sentence. The State asserts that because the district court found that Smith had knowingly ingested methamphetamine, a crime, it had properly invoked the new crime exception to the intermediate sanctions requirement. Additionally, the State argues that the district court set forth with particularity that Smith's welfare would not be served by the imposition of an intermediate sanction. The State requests that we affirm the district court's ruling or, in the alternative, remand the case for a new dispositional hearing.

5

*Standard of review*

A district court abuses its discretion by not following the intermediate sanction or bypass procedures set out in the applicable version of K.S.A. 22-3716. See *State v. Wilson*, 314 Kan. 517, 520-21, 24, 501 P.3d 885 (2022). Judicial discretion is abused if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party challenging abuse of discretion bears the burden of establishing it. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*The district court failed to comply with K.S.A. 2022 Supp. 22-3716(c).*

"[T]he initial decision to impose probation is an act of grace," but once a defendant receives "the privilege of probation," the defendant has "a conditional liberty interest" in remaining on probation, "which is subject to substantive and procedural due process . . . ." *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). This means that once probation is imposed, it may only be revoked if a determination is made that the defendant failed to comply with the conditions of his or her probation. 303 Kan. at 581. The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proved violations. Revocation is merely one of the available dispositions. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Here, Smith maintains that the district court erred in the second step.

A. *The district court did not impose an intermediate sanction.*

The Kansas Supreme Court has held that K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose an intermediate sanction prior to revoking probation unless an exception applies. *Wilson*, 314 Kan. at 521-22. Effective July 1, 2019, the first sanction

6

available to a district court after a probationer violates the terms of probation—other than modifying conditions of probation—is a two- or three-day jail sanction. K.S.A. 2022 Supp. 22-3716(c)(1)(B).

In this case, the district court did not previously impose an intermediate jail sanction on Smith prior to revoking his probation. Thus, we must instead determine if an exception to the intermediate sanctions requirement applies.

B. *The district court committed a legal error by failing to invoke a bypass exception to the intermediate sanctions requirement.*

Under the version of the statute in effect at the time Smith committed the crime of possession of methamphetamine, a district court may revoke probation without having previously imposed an intermediate sanction if:

"(A) The court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction;

"(B) the probation . . . was originally granted as the result of a dispositional departure . . . ;

"(C) the offender commits a new felony or misdemeanor . . . ; or

"(D) the offender absconds from supervision while . . . on probation." K.S.A. 2022 Supp. 22-3716(c)(7).

Smith's sentence was not the result of a dispositional departure, nor was it alleged that he absconded while on probation. At the probation violation hearing, the State argued that Smith had violated his probation conditions. On appeal, the State argues that the new crime exception applies. The State also asserts that the district court properly invoked the welfare of the offender provision. We are not persuaded by either of the State's arguments.

If a district court wishes to bypass intermediate sanctions because the safety of the public will be jeopardized or the welfare of the offender will not be served by imposing sanctions, it must explicitly explain how the safety of the members of the public will be jeopardized if the offender remains on probation or how the offender's welfare will not be served by imposition of an intermediate sanction. *State v. Clapp*, 308 Kan. 976, 990-91, 425 P.3d 605 (2018); *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). "'[A]n implicit determination is not enough . . . . [The court must make findings that are] distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018).

Although the State contends that the statutory new crime exception applies, the record does not support this argument. At neither the December 4, 2023 or the January 26, 2024 probation revocation hearing did the State assert that a new crime was committed, nor did the district court state on the record that it was making a finding that a new crime was committed.

Moreover, at no point during the January 26, 2024 revocation hearing did the district court suggest that it was invoking either provision when imposing Smith's underlying prison sentence. The probation violation hearing's journal entry did not reference any bypass exceptions for revoking Smith's probation under K.S.A. 2022 Supp. 22-3716(c)(7). In fact, for the section titled "Reason for Violation Hearing," the district court did not check any of the bypass provisions and, instead, solely marked "Condition Violation." Further, it did not include any information in the journal entry section titled "Brief Description of the Violation(s)."

The statements made by the district court at the revocation hearing suggest that it revoked Smith's probation based on "the type of reasoning historically relied upon by sentencing courts in discussing amenability to probation when exercising their discretion

8

to revoke the privilege of probation." *McFeeters*, 52 Kan. App. 2d at 49. The law, however, has changed. Under K.S.A. 2022 Supp. 22-3716(c), the district court was legally required to either impose an intermediate sanction or properly invoke an exception to the sanction requirement when it revoked Smith's probation. It did neither. Because of this legal error, the district court abused its discretion.

We therefore reverse and remand for the district court to hold a new dispositional hearing, with instructions for the court to either impose an intermediate sanction or properly set forth an exception under K.S.A. 2022 Supp. 22-3716(c)(7) for why an intermediate sanction does not apply.

Reversed and remanded with directions.